UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICK FLITER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV2002 CDP |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff Nick Fliter's motion to remand for lack of subject matter jurisdiction. The instant action was removed to this Court from the Circuit Court of the City of St. Louis, Missouri on the basis of diversity jurisdiction. Fliter contends that the Court lacks diversity jurisdiction over this action because the amount in controversy does not exceed $75,000, exclusive of interest and costs. Fliter's contention primarily rests on his sworn affidavit which purports to limit his damages to $75,000. Werner has failed to respond to Fliter's motion to remand, and its time for doing so has expired.

In the past, this Court has remanded actions back to state court for lack of subject matter jurisdiction where the plaintiff has stipulated by sworn statement that it would neither seek nor accept damages in excess of the jurisdictional minimum

($75,000). See Walsh v. J.B. Hunt Transport, Inc., 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998); Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 879 (E.D. Mo. 1998). I fully endorse the approach taken in these prior decisions, but also recognize the fine line that these cases draw. Importantly, a plaintiff must agree to neither seek nor accept an amount in excess of $75,000. This language closes the door on any possibility that a plaintiff may recover an amount well in excess of $75,000 in a favorable jury verdict.

Although Fliter argues that his affidavit has placed an "irrevocable cap" on the amount of damages he could receive in state court, the language he has chosen in his affidavit demonstrates otherwise. Fliter's affidavit reads, in pertinent part, as follows:

> Plaintiff herein is seeking an amount not to exceed $75,000 exclusive of interest and costs. ... Should this cause be remanded to state court, Plaintiff will not seek an amount to exceed $75,000 exclusive of interest and costs in said forum.

Notably, Fliter does not clearly state that he will not accept an amount in excess of $75,000. If Fliter amends his affidavit to state that he will neither seek nor accept damages or judgment in excess of $75,000, exclusive of interest and costs, for his claims against Werner, then I will remand this action to state court. Otherwise, plaintiff's motion to remand will be denied. I will consider such amended affidavit

if it is filed no later than **December 15, 2005**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file any amended affidavit no later than **December 15, 2005**.

**IT IS FURTHER ORDERED** that the Rule 16 conference scheduled for Friday, December 9, 2005, is cancelled, and will be reset if for some reason this case is not remanded.

Dated this 6th day of December, 2005.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE